UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MAIRA OVIEDO-GRANADOS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:21-cv-412-TAV-JEM |
| TOM SPANGLER, in his individual capacity, and KNOX COUNTY, TENNESSEE, by and through the Knox County Sheriff's Office, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Plaintiff's Motion for Preliminary Injunction [Doc. 25]. Plaintiff requests injunctive relief related to the Knox County Sheriff's Office's ("KCSO") alleged implementation of an immigration detention procedure without a valid United States Immigration and Customs Enforcement ("ICE") 287(g) agreement, as required by 8 U.S.C. § 1357(g). Defendants responded [Doc. 29], and plaintiff replied [Doc. 34]. The parties also appeared before the Court for oral argument on February 17, 2023 [Doc. 44]. Thus, this matter has been fully briefed and is ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained below, the Court will **DENY** plaintiff's motion for injunctive relief [Doc. 25].

## I. Background

Plaintiff brings this action as a purported class action against Sheriff Spangler in his individual and official capacities and Knox County,[1] raising claims under 42 U.S.C. §§ 1983 and 1985 and Tenn. Code Ann. § 4-21-311 for violations of her constitutional rights, as well as state law claims of malicious harassment, intentional infliction of emotional distress, and "declaratory judgment and injunction against ultra vires actions" [Doc. 21, pp. 4, 41–52].

In her Second Amended Complaint, plaintiff states that she is a Honduran native with a pending asylum claim, and, until the fall of 2020, lived in Knox County with her three children and her then-partner, an English-speaking American citizen [*Id.* at 19]. In the late fall of 2020, several issues arose between plaintiff and her partner, and plaintiff ultimately called 911 to report domestic abuse [*Id.* at 19–20]. KCSO deputies arrived at the scene, but none spoke Spanish or attempted to secure translation services [*Id.* at 20]. KCSO officers then arrested plaintiff for simple assault [*Id.* at 21]. A judge subsequently

---

[1] It is unclear whether plaintiff seeks to maintain a claim against Mayor Glenn Jacobs in her Second Amended Complaint. In her prior complaint [Doc. 1-1], she listed Mayor Jacobs as a defendant in his official capacity only. However, in the Second Amended Complaint [Doc. 21], she removed Mayor Jacobs from the case caption, and does not specifically address Mayor Jacobs as a defendant in the section regarding "Parties." However, in the first paragraph of her complaint, she states that her claim is brought against Mayor Jacobs, as well as the other defendants discussed above [Doc. 21, p. 2]. At the preliminary injunction hearing, the parties likewise expressed confusion on this point and advised the Court that they would provide further clarification after discussing amongst themselves; however, the parties have not provided the Court with any clarification on this point. Ultimately, this matter is irrelevant to the Court's instant ruling on the request for a preliminary injunction.

ordered plaintiff released after a 12-hour hold, but, instead of releasing plaintiff, defendants held plaintiff pursuant to an ICE detainer on the ground that there was probable cause to believe that she was a removable alien [*Id.* at 22–23]. Defendants continued to detain plaintiff for two days until she was physically transferred to ICE custody, where she was held for more than two months [*Id.* at 24]. Subsequently, all charges against plaintiff were dropped [*Id.*].

In brief summary, plaintiff alleges that the purported 287(g) agreement between KCSO and ICE, an agreement that permits local law enforcement to independently enforce federal immigration law, is invalid for numerous reasons [*Id.* at 1, 5–13]. And, plaintiff contends, absent a valid 287(g) agreement, law enforcement's initiation of immigration detention violates the Fourth Amendment [*Id.* at 5]. Further, plaintiff argues that, under the guise of this purported 287(g) agreement, defendants have made it a policy or practice to routinely violate the rights of Latinx residents with no prior criminal history by conducting pretextual arrests, unlawful immigration detentions, and denying them access to a criminal hearing or an attorney and preventing them from complying with the terms of release [*Id.* at 25–26].

## II. Standard of Review

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant a plaintiff's request for a preliminary injunction, the Court must consider four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Id*. Although courts are to balance each of these factors in making their determination, "even the strongest showing on the other three factors cannot eliminate the irreparable harm requirement." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326–27 (6th Cir. 2019) (internal quotation marks omitted). In fact, the Sixth Circuit has described the irreparable harm factor as "dispositive," eliminating the need for a district court to consider the other factors if no irreparable harm is found. *Id.* at 327. Therefore, the Court will first consider the irreparable harm requirement to determine whether further analysis of the remaining factors is necessary.

### III. Analysis

As to irreparable harm, plaintiff argues that unless defendants' illegal immigration enforcement is enjoined, plaintiff and other class members face the threat of future unlawful arrest, detention, and intimidation [Doc. 25, p. 19]. Plaintiff contends that, because defendants are willing to arrest Latinx persons who are victims of crimes, like herself, defendants have intimidated plaintiff and other class members into foregoing the protection of police [*Id.*].

Defendants argue that plaintiff's allegations of harm are speculative at best and do not rise to the level of irreparable harm [Doc. 29, p. 3]. Moreover, there is nothing "certain" about her ostensible harm, and her petition only speculates that she might, at some undetermined point in the future, suffer an allegedly unconstitutional detention [*Id.* at 4]. Defendants contend there are no allegations that plaintiff faces immediate harm. Defendants further note that plaintiff is not currently incarcerated, nor has she been arrested since the complaint was filed [*Id.*].

Plaintiff replies that the threat of impairment of her and other Latinx persons' rights creates a presumption of irreparable injury [Doc. 34, pp. 1–2].

"A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578. "To merit a preliminary injunction, an injury must be both certain and immediate, not speculative or theoretical." *Sumner Cnty. Schs.*, 942 F.3d at 327 (internal quotation marks omitted). The Sixth Circuit has stated that "[i]f the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *Id.* "Thus, although the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory." *Id.*

A "hypothetical threat of prosecution is not an 'immediate,' 'irreparable' injury that warrants the 'extraordinary remedy' of a preliminary injunction." *Id.* Specifically, in *Sumner County Schools*, a case involving parents who removed their autistic child from public schools and placed him in a private therapy program, but were subsequently

5

convicted of truancy, the Sixth Circuit noted that plaintiffs' asserted injury was that "*if* [the child] regresses at his new private school, and *if* they choose to disenroll him, and *if* they choose not to enroll him in another state-approved school, the state *may* choose to prosecute them for truancy again." *Id.* at 326–27 (emphasis in original). The Sixth Circuit concluded that "all those 'ifs' rule out the 'certain and immediate' harm needed for a preliminary injunction." *Id.* at 327.

As plaintiff points out, the Sixth Circuit has acknowledged that "when constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). However, "[t]hat presumption of irreparability . . . does not change the fact that the plaintiff must still demonstrate imminence." *Mitchell v. City of Cincinnati*, No. 21-4061, 2022 WL 4546852, at *4 (6th Cir. Sept. 29, 2022). Accordingly, although plaintiff has asserted that her injury is the threat of violations of her constitutional rights, she still must show that this injury is imminent to warrant a preliminary injunction.

Here, the Sixth Circuit's decision in *Sumner County Schools* is determinative. Similar to that case, plaintiff's only alleged irreparable injury is the threat of immigration-related detention if she, or purported class members, were to be arrested [Doc. 25, p. 19]. But just as the hypothetical threat of prosecution is insufficient, *see* 942 F.3d at 327, the hypothetical threat of immigration detention associated with a prosecution is likewise not an "immediate" or "irreparable" injury warranting a preliminary injunction. Stated another way, the mere *possibility* of future detention *if* plaintiff or a

6

purported class member is arrested is too speculative and theoretical to warrant the "extraordinary remedy" of injunctive relief. Moreover, given speculative nature of this threat of potential future detention, the Court cannot find that the alleged injury is "imminent," such that the Court could find that plaintiff has established the irreparable injury factor, even applying the presumption of irreparability to her claims of constitutional violations.

Having found that plaintiff has not demonstrated the dispositive factor of irreparable harm, the Court is relieved of its duty to consider and weigh the other injunction factors. *See Sumner Cnty. Schs.*, 942 F.3d at 328 (stating that the district court rightly left the merits of the plaintiff's claims for another day where the plaintiff had not made the requisite showing of irreparable harm).

### IV. Conclusion

For the foregoing reasons, the Court does not find that plaintiff has demonstrated that she is entitled to a preliminary injunction. Accordingly, Plaintiff's Motion for Preliminary Injunction [Doc. 25] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7

Case 3:21-cv-00412-TAV-JEM   Document 45   Filed 03/17/23   Page 7 of 7   PageID #: 1201